IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02461-PAB-SBP

DIANE ANDREW and
SEAN ANDREW, as parents of minor child C.A.,

    Plaintiffs,

v.

FALCON SCHOOL DISTRICT 49,

    Defendant.

## OPINION AND ORDER GRANTING MOTION TO AMEND

**Susan Prose, United States Magistrate Judge**

This matter comes before the Court for resolution[1] of the Andrews' Motion For Leave To File An Amended Complaint (ECF No. 28), which was referred to the undersigned by order dated April 3, 2024 (ECF No. 30). The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b). After reviewing the Motion, Response, and Reply, the entire case file, and the applicable case law, the court **grants** the Motion.

### BACKGROUND

The operative pleading is the Andrews' Complaint (ECF No. 1). That Complaint alleges that their child, C.A., is a sixteen year-old student diagnosed with Autism Spectrum Disorder and

---

[1] Motions for leave to amend a complaint are treated as nondispositive matters that Magistrate Judges may rule upon conclusively pursuant to 28 U.S.C. § 636(b)(1)(A). *Franke v. ARUP Lab's, Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010).

1

Attention Deficit Disorder. ECF No. 1 ¶ 14. In 2019, the Andrews moved to Falcon School District 49 ("the District") and the Andrews requested that the District provide C.A. with special education services under the Individuals With Disabilities In Education Act ("IDEA"), 20 U.S.C. § 1401, *et seq.* The central principle of providing students with special education under the IDEA is the assessment of each student's educational needs and the creation of an Individualized Education Program ("IEP"), which establishes the student's educational goals and the services the school district will provide to help the student reach them. 20 U.S.C. § 1401(14). IEPs are revisited and revised on an annual basis. 34 C.F.R. § 300.323.

The Complaint recites the Andrews' dissatisfaction with certain aspects of the IEPs (or the implementation thereof) that the District created for C.A. for the 2019-2021 school years, ECF No. 1 ¶¶ 21-27, but the precipitating events for this lawsuit appear to derive from the District's design and implementation of C.A.'s 2022 IEP. The Andrews arranged for an independent evaluation of C.A. in October 2022, and that evaluation reached different conclusions about C.A.'s performance level, particularly in math, than the District's IEP did. The evaluation recommended a number of additional services and support be included in C.A.'s IEP. *Id.* ¶¶ 78-80. Not only do the Andrews allege that the District did not adopt the recommendations of the independent evaluation, they also allege that midway through the school year, the District changed C.A.'s special education case manager and several of his teachers, further disrupting his educational environment. *Id.* ¶¶ 86-88.

As a result, in April 2023, the Andrews invoked the IDEA's machinery for resolving disputes over a school district's compliance with the Act's provisions. A brief review of that machinery will be helpful to the discussion here. The IDEA requires school districts to maintain

complaint procedures with certain provisions. It requires a procedure to allow any party to file a complaint about a failure to comply with the Act's substantive requirements. 20 U.S.C § 1415(b)(6). (The filing is often referred to as a "Due Process Complaint," and the court will use that terminology here for purposes of clarity.) When a school board receives a Due Process Complaint, either the student/parent or the district may request a "due process hearing" to be conducted by an impartial member of the applicable state agency (in Colorado, by an administrative law judge, "ALJ," with the Colorado Office of Administrative Courts). 20 U.S.C. § 1415(f)(1)(A). <u>Prior to</u> that due process hearing, the parent/student and the district are required to "convene a meeting . . . where the parents of the child discuss their complaint, and the facts that form the basis of the complaint, and the [district] is provided the opportunity to resolve the complaint." 20 U.S.C. § 1415(f)(1)(B)(i)(IV). If the parties are unable to resolve the matter at what this court will refer to as a "Resolution Meeting," the parties proceed to an adjudicative Due Process Hearing before the ALJ. *See generally* 20 U.S.C. § 1415(f)(1)(B)(ii), (iii). Parties who are aggrieved by the ALJ's decision following a Due Process Hearing at the state educational agency may bring an action in the federal district courts to seek review of that decision. 20 U.S.C. § 1415(*i*)(2)(A), (*l*).

The Andrews filed their Due Process Complaint and they attended a Resolution Meeting with the District on April 24, 2023. No substantive discussions were held at that meeting. By the Andrews' own admission, the parties reached an impasse on the preliminary issue of whether the discussions at the meeting would, as the Andrews' counsel demanded, be cloaked with the protections of Federal Rule of Evidence 408 (rendering disclosures made during settlement discussions and compromises inadmissible). Complaint ¶¶ 96-99. Because the District refused to

3

agree to deem the Resolution Meeting subject to Rule 408, the Andrews "declined to respond to [the District's] fact-specific questions and instead, questioned whether [the District] was prepared to offer a settlement." *Id.* ¶ 99. Because the District failed to respond to the Andrews' settlement offers, the Andrews' counsel concluded the Resolution Meeting. *Id.* ¶ 102. The parties scheduled a second Resolution Meeting on May 10, 2023, but the Andrews' counsel again demanded that that meeting be held subject to Rule 408, and the District refused. *Id.* ¶¶ 104-105. The Andrews' counsel advised the District in advance that, if the District "was not prepared to offer a resolution and intended to engage the [Andrews] in an interrogation of the underlying facts, the meeting would be terminated after 10 seconds." *Id.* ¶ 108. As predicted, the parties held that second meeting on May 10, but because the District refused to agree to the Andrews' demands for confidentiality protections under Rule 408, the Andrews immediately terminated the meeting. *Id.* ¶ 111.

On June 23, 2023, upon the District's motion, a state ALJ dismissed the Andrews' Due Process Complaint.[2] The ALJ concluded that the IDEA provides that the purpose of the Resolution Meeting is to allow the parties to "discuss [the parent's Due Process Complaint] and the facts that form the basis of the complaint to give the school district an opportunity to resolve the dispute. ECF No. 25 (docket entry for the Administrative Record filed on flash drive) at 346, *citing* 34 C.F.R. § 300.510(a)(2). The ALJ found that "demanding an offer within 30 seconds

---

[2] The Andrews' Complaint and proposed Amended Complaint both refer to the ALJ's decision as an "attachment" to their pleading, but neither version actually attaches a copy of the ALJ's decision. Because the ALJ decision is expressly referred to in the Andrews' pleadings, and no party has objected to the authenticity of the version of that document found in the Administrative Record, the court deems the ALJ ruling found in ECF No. 25 at 343-347, as having been attached to both versions of the Andrews' pleading.

4

without allowing for any discussion or failing to discuss the complaint without an offer violates both the spirit and letter of the resolution process" under the IDEA. *Id.* Because participation in the Resolution Meeting process is mandatory under the statute, *see, e.g.*, 34 C.F.R. § 300.510(b)(3), (4), the ALJ concluded that the Andrews had not adequately participated in resolution efforts and dismissed their Due Process Complaint. *Id.*

The Andrews then commenced this action. The Andrews allege that the District violated the IDEA by failing to provide C.A. with an education as required by the Act, by failing to provide C.A. with an appropriate IEP, and by "predetermining" C.A.'s "placement based on [the District's] available resources outside of an IEP meeting." *Id.* ¶¶ 185-192. Although the Andrews' Complaint did not assert a separately-enumerated claim seeking review of the ALJ's decision, the Complaint extensively alleged that the ALJ misapplied the IDEA's regulations regarding participation in Resolution Meetings, failed to address whether Federal Rule of Evidence 408 applies to such meetings, and erred in granting a dismissal of the Due Process Complaint with prejudice, ECF No. 1 ¶¶ 116-184. Among the Andrews' Prayers for Relief is a request that "the Court reverse the ALJ's Decision regarding all claims pled" in the Due Process Complaint, *id.* ¶ 194.

The District moved to dismiss the Andrews' Complaint in this action, arguing that the court lacks subject matter jurisdiction over this case due to the Andrews' failure to exhaust their administrative remedies. ECF No. 26. That motion remains pending before the District Judge and has not been referred to the undersigned. But in response to the District's motion, which includes an argument that the Andrews have "entirely failed to seek review of the propriety of the ALJ's dismissal" of their Due Process Complaint, the Andrews filed the instant Motion to Amend,

5

seeking to amend their Complaint to make that request express. ECF No. 28. Their Proposed Amended Complaint differs from the original only insofar as it adds a fourth cause of action seeking appellate review of the ALJ's decision pursuant to 20 U.S.C. § 1415(i)(2)(A).

The District opposes the Andrews' Motion to Amend, arguing that (1) the motion is untimely, having been filed some seven months after this case was initiated, with no intervening events changing the factual or legal landscape; (2) the motion is prompted by the Andrews' realization that their initial Complaint was deficient in failing to challenge the ALJ's ruling; (3) the request is futile in any event, because District Court jurisdiction over the Andrews' substantive IDEA claims is premised upon the outcome of a substantive Due Process Hearing, and, as the ALJ found, no such hearing ever occurred; and (4) the District would be prejudiced by granting the requested amendment because, essentially, the amendment is sought to overcome what the District sees as its otherwise successful Motion to Dismiss. ECF No. 35.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give" leave to amend a pleading "when justice so requires."[3] Generally, the court should only refuse to grant leave to amend if it finds that the requested amendment is the product of undue delay or bad faith on the part of the movant, that the movant has failed to cure previous pleading defects with prior amendments, that granting leave would be unduly prejudicial to the non-movant, or that the requested amendment is futile because the pleading as amended would still be subject to

---

[3] Although this court entered a Joint Case Management Plan, ECF Nos. 22 and 23, that plan did not set a deadline for amendment of pleadings. The court did not separately enter a Scheduling Order containing such a deadline. Thus, there is no need to conduct a separate analysis under Fed. R. Civ. P. 16(b) to determine whether good cause exists to amend those orders as well.

6

dismissal. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020).

## ANALYSIS

Although the District is correct that the Andrews' initial Complaint does not expressly assert an independently-identified "Claim For Relief" seeking to set aside the ALJ's dismissal of their Due Process Complaint, any reasonable reading of the Complaint would recognize that the Andrews extensively addressed a contention that "[t]his Court should overturn the ALJ's decision." ECF No. 1 ¶ 116. The ensuing 40-some paragraphs in the Complaint lay out the Andrews' theory on this point in considerable detail, explaining the Andrews' belief that, as a matter of law, the IDEA merely requires them to "attend" a Resolution Meeting without necessarily obligating them to participate meaningfully, *id.* ¶¶ 125-26, 134. The Complaint also presents the Andrews' contention that even if participation is required, the ALJ erred in concluding that, factually, the Andrews did not meaningfully participate in the meetings, *id.* ¶¶ 135-144, among other matters. And the Andrews' Prayer For Relief specifically asks that the court reverse the ALJ's decision. *Id.* ¶ 198. In these circumstances, the District can hardly claim to be surprised to learn that the Andrews are indeed requesting reversal of the ALJ's decision.

The court rejects the District's suggestion that it will suffer prejudice because it has a meritorious Motion to Dismiss pending based on the fact that the Andrews did not expressly assert a claim seeking reversal of the ALJ's decision, and that this meritorious defense would be lost if the Andrews were allowed to replead. The District simply states a tautology: if a party is prohibited from seeking to amend a pleading to cure a defect that the other side raised when seeking dismissal, there would be little reason for a rule providing for amendment of pleadings,

7

much less one with the generous standard favoring amendment whenever "justice requires." (And vice-versa: if a pleading defect did not affect the viability of any of the pleader's claims, there would be little need to amend the pleading to cure the defect.) The District's argument encourages the court to resolve cases on technical pleading defects, rather than reaching the merits of clearly-articulated claims. This is clearly not the intention of Rule 15 nor of cases like *Foman*, and the court finds that the District has not shown that it would be prejudiced in any meaningful way if the Andrews' motion to amend were granted.[4]

The District argues that the court should deny amendment because the Andrews' request to amend is untimely. It is true that seven months passed between the Andrews' initial Complaint and the current Motion. But the court notes that the Andrews' Motion was filed twenty-one days after the District timely raised the issue of a missing claim for reversal of the ALJ's decision in the District's Motion to Dismiss. *See* ECF No. 23 (Joint Case Management Plan) at 4 § V.B (motions to dismiss due within 30 days of the submission of the Administrative Record); ECF No. 25 (Administrative Record submitted February 15, 2024); ECF No. 26 (the District's Motion to Dismiss, filed March 12, 2024). The court cannot say that the brief period of time in which the Andrews considered the District's motion and decided to address it by seeking amendment

---

[4] Although the District accuses the Andrews' counsel of having "late realization[s]" about the defects in the Complaint, the District does not offer any argument that the Andrews acted in bad faith by intentionally delaying the request to amend until after the District had filed its Motion to Dismiss. Indeed, the District appears to recognize that "only after [its motion] did the [Andrews] appreciate the Complaint's deficiency." ECF No. 35, ¶ 33.

amounts to undue delay. *Cf.* Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment of pleadings once as a matter of course within twenty-one days of a responsive pleading or motion to dismiss).[5]

That leaves the District's argument that it would be futile to permit the Andrews to amend their Complaint to expressly assert a claim seeking reversal of the ALJ decision. The crux of that argument is that, even if the court were to permit the Andrews to challenge the ALJ's decision, they would nevertheless fail on their substantive IDEA challenges because the ALJ dismissed the Andrews' Due Process Complaint on exhaustion grounds without reaching the merits, and federal courts lack jurisdiction over IDEA claims where the parties did not exhaust their administrative remedies before the ALJ. *See, e.g.*, *M.E. ex rel C.E. v. Buncombe Cnty. Bd. of Educ.*, 72 F. App'x 940, 941-42 (4th Cir. 2003). That argument is very similar to the argument pending in the District's Motion to Dismiss that is presently before the District Judge. *See* ECF No. 26 ¶¶ 42-44 (discussing mandatory exhaustion under IDEA). This court is reluctant to attempt to usurp the District Judge's opportunity to consider the question by adjudicating the futility question in the context of a motion to amend. In such circumstances, the better practice is to defer the question of futility to allow the District Judge the full opportunity to consider the substantive merit of the argument in the Motion to Dismiss.[6]

---

[5] In this case, the Andrews properly filed a motion for leave to amend, instead of asserting a right to amend as a matter of course, because the District filed a responsive pleading four months prior. ECF No. 12 (answer and counterclaims filed November 14, 2023).

[6] The District relies on *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087-89 & n.12 (9th Cir. 2012), for a somewhat unclear argument that this court would somehow need to grant the Andrews two different opportunities to amend in order to allow them to effectively challenge the ALJ's ruling, although it is not plain what two steps the District believes are necessary here. *M.M.* clearly explains that "[i]f the ALJ completely dismisses [a Due Process Complaint without conducting a Due Process Hearing], the dismissal is final and judicially reviewable." *Id.* at n.12.

Accordingly, the court **GRANTS** the Andrews' Motion For Leave To Amend. The Andrews shall file the Proposed Amended Complaint, ECF No. 28-1, as a standalone document within seven (7) days of this Order.

## CONCLUSION

For the foregoing reasons, the Andrews' Motion for Leave to Amend, ECF No. 28, is **GRANTED**.[7] The Andrews shall file a clean version of the Amended Complaint within seven (7) days of this Order.

DATED: January 10, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

Here, the ALJ completely dismissed the Andrews' Due Process Complaint based on their failure to participate in the Resolution Meetings, and thus, under *M.M.*, there is no impediment to the Andrews' seeking judicial review of that final dismissal at this time.

[7] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").