IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02461-PAB-SBP

C.A., a minor, by and through his parents Diane and Sean Andrew,

    Plaintiff,

v.

FALCON SCHOOL DISTRICT 49,

    Defendant.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim [Docket No. 27]. The counterclaim of defendant Falcon School District 49 (the "District"), Docket No. 12 at 18-20, seeks attorneys' fees against plaintiff's counsel pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III) based on fees incurred in state-level administrative proceedings. The District filed a response. Docket No. 31. Plaintiff filed a reply. Docket No. 36. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff claims that the District failed to provide him with a free and appropriate public education in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412(a)(1). *See generally* Docket No. 40.

---

[1] The facts below are taken from defendant's answer and counterclaim, Docket No. 12, and are presumed to be true, unless otherwise noted, for purposes of ruling on plaintiff's motion to dismiss.

In its counterclaim,[2] the District alleges that plaintiff's parent, Diane Andrew, filed a due process complaint[3] that was an identical copy of a state complaint she had previously filed on behalf of plaintiff. Docket No. 12 at 18, ¶ 4.[4] Plaintiff prevailed on the state complaint and, as a result, plaintiff received the IDEA remedies from the District. *Id.* These remedies made plaintiff whole regarding the issues identified in the original complaint. *Id.* at 19, ¶ 5. The District alleges that plaintiff's duplicative complaints and plaintiff's demand for remedies that had already been provided to him "amplified the need" to discuss the complaint at a resolution meeting[5] with plaintiff's parents in order to identify and understand any issues that had not been resolved through the state complaint. *Id.*, ¶ 7. The District offered to review plaintiff's goal[6] in

---

[2] The counterclaim seeks attorneys' fees against "parent's counsel." *See* Docket No. 12 at 18, ¶ 1. By "parent," the District seems to refer to one of plaintiff's parents, Diane Andrew.

[3] Under IDEA, a due process complaint sets forth an alleged violation of a child's right to a free and appropriate public education. 20 U.S.C. § 1415(b)(6). The counterclaim does not contain any additional details regarding the due process complaint, but the Court understands the complaint to have been filed with the Colorado Office of Administrative Courts, with the District as the defendant.

[4] The counterclaim does not explain the distinction between the "due process complaint" and the "state complaint," although plaintiff's motion to dismiss suggests that one complaint may have been filed with the Colorado Department of Education, while the other was filed with the Colorado Office of Administrative Courts. Docket No. 27 at 7, ¶ 43.

[5] Under IDEA, if either party requests an administrative hearing on the due process complaint, then a resolution meeting is to be held within 15 days of the school district's receipt of the complaint. 20 U.S.C. § 1415(f)(1). Resolution meeting participants should include "the parents and the relevant member or members of the [Individualized Education Plan] Team who have specific knowledge of the facts identified in the complaint," as well as a school district representative with decision-making authority. 20 U.S.C. § 1415(f)(1)(B)(i).

[6] The counterclaim does not explain what this "goal" was, but the Court understands the term to refer to a target for educational achievement set as part of the process of developing an individualized education plan.

2

light of a proposed amended complaint.[7]  *Id.*, ¶ 8.  Parent's counsel, however, refused to discuss any details of the complaint at a resolution meeting unless the District agreed to certain pre-set conditions.  *Id.*, ¶ 9.[8]

The District offered further remedies to the claims, but Ms. Andrew, through her attorney, refused to resolve the matter.  *Id.*, ¶ 10.[9]  The District then filed a motion asking the ALJ to dismiss the due process complaint with prejudice, which the ALJ granted.  *Id.*, ¶ 12.[10]

The District alleges that plaintiff's counsel filing identical complaints and refusing to engage in a resolution meeting were unreasonable, caused unnecessary delay, were not in the interest of plaintiff, wasted the ALJ's and the District's time and resources, and needlessly increased the costs of litigation.  *Id.* at 19-20, ¶ 13.  Plaintiff filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 27 at 4, ¶ 15.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes

---

[7] The counterclaim does not contain any additional details about the "proposed amended complaint," but the Court understands this to refer to an amended due process complaint.

[8] The counterclaim does not state what these pre-set conditions were, but the amended complaint indicates that plaintiff requested either that the parties voluntarily agree to mediation or agree to treat the resolution meeting as a settlement discussion protected by Federal Rule of Evidence 408.  *See* Docket No. 40 at 13, ¶ 93.

[9] The counterclaim does not explain when or how the District offered these additional remedies.

[10] The counterclaim does not detail how an ALJ came to be involved with the case, but the Court understands this to refer to an ALJ from the Colorado Office of Administrative Courts who would have overseen the case after the filing of the due process complaint.

3

the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g., Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements

4

necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

In considering plaintiff's motion to dismiss, the Court first must determine whether the counterclaim is actually an independent claim subject to Rule 12(b)(6) analysis or if it is instead a request for attorneys' fees that is ancillary to plaintiff's request for judicial review. There is a split among the circuit courts regarding whether a claim for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i) is an independent claim. *Compare Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1061-64 (9th Cir. 2015), *and Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole Cnty.*, 111 F.3d 847, 850-52 (11th Cir. 1997) (holding that a request for attorneys' fees is an independent cause of action), *with King ex rel. King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 625-626 (6th Cir. 2000) (holding that a fee dispute is "ancillary to the underlying education dispute") (quoting *Powers v. Ind. Dep't of Educ., Div. of Spec. Educ.*, 61 F.3d 552, 556 (7th Cir. 1995)).

The Court finds that the counterclaim is not an independent claim and therefore will dismiss the counterclaim as improperly brought. Moreover, the resolution of plaintiff's appeal could potentially preclude the District's request for attorneys' fees, so it is more appropriate for the Court to rule on the merits of the request after the Court has determined the merits of the appeal. *See A.O. v. El Paso Ind. Sch. Dist.*, 2007 WL 9712021, at *1 (W.D. Tex. 2007). The Court will grant leave for the District to file a motion for attorneys' fees at the conclusion of this case. Any such motion should be drafted in accordance with the Local Rules. *See* D.C.COLO.LCivR 54.3.

## IV. CONCLUSION

It is therefore

**ORDERED** that the counterclaim portion of Defendant Falcon School District 49's Answer and Counterclaim [Docket No. 12] is **DISMISSED without prejudice**. It is further

**ORDERED** that defendant may file a motion requesting attorneys' fees, if appropriate, at the conclusion of the case.

DATED March 28, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge