IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02461-PAB-SBP

C.A., a minor, by and through his parents Diane and Sean Andrew,

    Plaintiff,

v.

FALCON SCHOOL DISTRICT 49,

    Defendant.

---

## ORDER

---

This matter comes before the Court on defendant's Motion to Dismiss [Docket No. 44], defendant's Motion to Dismiss Due to Mootness [Docket No. 49], and plaintiff's Motion for Leave to File Surreply [Docket No. 53]. The motion to dismiss, filed on January 30, 2025, seeks to dismiss plaintiff's amended complaint, Docket No. 40, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 44 at 1 n.1. Plaintiff filed an unsigned response. Docket No. 45. Defendant Falcon School District 49 (the "District") filed a reply. Docket No. 46.

The motion to dismiss due to mootness, filed on July 15, 2025, seeks to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). Docket No. 49 at 1. Plaintiff filed a response. Docket No. 51. The District filed a reply. Docket No. 52. Plaintiff later filed a motion for leave to file a surreply. Docket No. 53. The District filed a response to that motion, Docket No. 54, and plaintiff filed a reply. Docket No. 55.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2)(A).

I. **BACKGROUND COMMON TO BOTH MOTIONS**

At the time of the amended complaint, Plaintiff was a child with a disability, as defined in the Individuals with Disabilities Education Act ("IDEA"). Docket No. 40 at 1, ¶ 1. At the time of the filing of the original complaint in September 2023, plaintiff was 16 years old. Docket No. 1 at 3, ¶ 14.[1] At the time of both the original complaint and the amended complaint, plaintiff was a student at Falcon High School.[2]

Plaintiff claims that the District failed to provide him with a free and appropriate public education ("FAPE") in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412(a)(1). *See generally* Docket No. 40. On April 4, 2023, plaintiff's parents filed a due process complaint[3] with the Colorado Office of Administrative Courts. *Id.* at 13, ¶ 89. The administrative law judge ("ALJ") assigned to the case ultimately dismissed the due process complaint with prejudice. Id. at 16,

---

[1] The amended complaint, Docket No. 40, which is the operative complaint, was filed in January 2025 and also states that plaintiff is 16 years old. *See* Docket No. 40 at 3, ¶ 14. The Court understands the amended complaint's assertion of plaintiff's age to be the result of an oversight that occurred in the drafting of the amended complaint.

[2] Neither the original complaint nor the amended complaint explicitly states that plaintiff attended Falcon High School, instead stating only that plaintiff was enrolled in the District, *see, e.g.*, Docket No. 40 at 1, ¶ 1, and indicating that plaintiff was in high school. *Id.* at 6, ¶ 44. The Court understands, however, based on the entirety of the record before it, that plaintiff was enrolled at Falcon High School. *See, e.g.*, Docket No. 49 at 1-2, ¶ 2.

[3] Under IDEA, a due process complaint sets forth an alleged violation of a child's right to a free and appropriate public education. 20 U.S.C. § 1415(b)(6). Federal regulations direct the states to establish protocols for due process hearings under IDEA. 34 C.F.R. § 300.511(b). In Colorado, an aggrieved party submits a due process complaint to the Colorado Department of Education. *See* 1 CCR 301-8 § 602(7.5)(b)(i). The Colorado Department of Education then notifies the Colorado Office of Administrative Courts to have an ALJ assigned to the complaint. *Id.* § 6.02(7.5)(c).

¶ 113.  While plaintiff's amended complaint, Docket No. 40, is not entirely clear regarding the basis for the ALJ's decision to dismiss the due process complaint, the dismissal seems to have been the result of plaintiff's parents' failure to participate in a statutorily required resolution meeting.[4]  *See, e.g.*, *id.* at 16-22, ¶¶ 117-147.

Plaintiff's amended complaint asserts four "claims for relief."  *Id.* at 31-33, ¶¶ 185-197.  The first three of these are substantive claims alleging that the District did not comply with IDEA and its associated regulations.  *Id.* at 31-32, ¶¶ 185-193.  The fourth is a claim for "Review of Administrative Court Decision Pursuant to 20 U.S.C. § 1415(i)(a)(2)."  *Id.* at 32.  Regarding the fourth claim, the complaint states:

> The IDEA permits any party aggrieved by the findings of the administrative court to seek review in the federal district court.  20 U.S.C. § 1415(i)(a)(2). . . .  The allegations set forth herein state multiple grounds of error in the ALJ's decision below. . . .  Consolidating these allegations, the ALJ's dismissal with prejudice was unlawful under the IDEA.

*Id.* at 33, ¶¶ 195-197.

## II.  ANALYSIS

The Court will first address the arguments made in the July 15, 2025 motion to dismiss due to mootness, Docket No. 49, and then will address the arguments made in the January 30, 2025 motion to dismiss.  Docket No. 44.

---

[4] Under IDEA, if either party requests an administrative hearing on the due process complaint, then a resolution meeting is to be held within 15 days of the school district's receipt of the complaint. 20 U.S.C. § 1415(f)(1).  Resolution meeting participants should include "the parents and the relevant member or members of the [Individualized Education Plan] Team who have specific knowledge of the facts identified in the complaint," as well as a school district representative with decision-making authority.  20 U.S.C. § 1415(f)(1)(B)(i).

A. **Mootness**

In the motion to dismiss based on mootness, the District states that plaintiff graduated from high school with a regular diploma in May 2025. Docket No. 49 at 3, ¶ 14. The District argues that, once a student graduates, any claims regarding a deficient FAPE and any claims seeking prospective relief are moot. *Id.* at 4, ¶¶ 20-21. Because plaintiff is no longer a student, the District says he is no longer entitled to a FAPE and thus he is not entitled to a new due process hearing before an ALJ since such a hearing cannot result in any substantive relief to plaintiff. *Id.* at 5, ¶ 25. The District therefore asks the Court to dismiss plaintiff's claims as moot. *Id.*, ¶ 27.

The District is correct that a school district's obligation to provide a FAPE is extinguished once a student has graduated with a regular high school diploma. *See Matthews v. Douglas Cnty. Sch. Dist. RE-1*, 2023 WL 4305824, at *1 (10th Cir. June 28, 2023). In *Matthews*, the due process complaint alleged only that the student had an obsolete IEP and requested an order directing the defendant school district to create a statutorily compliant IEP. *Id.* at *2. The due process complaint did not request compensatory damages or any retrospective relief. *Id.*[5] The Tenth Circuit held that the plaintiffs' claims were moot because "[w]e cannot go back in time and rectify alleged shortcomings to [the student's] education or require the School District to comply with a past IEP. And because [the student] is no longer eligible for a FAPE, we cannot order the School District to provide him with one now." *Id.* at *3. The Tenth Circuit rejected plaintiffs' argument that they were also seeking compensatory relief, holding that the

---

[5] In *Matthews*, the plaintiffs' federal court complaint did request compensatory relief. 2023 WL 4305824, at *2. The Tenth Circuit explained that the question was not what relief the district court complaint sought, but what relief the due process complaint sought. *Id.* at *4.

4

request for compensatory relief was part of a prior case that was not before the court on appeal.  *Id.*  The Tenth Circuit has drawn a line between prospective and retrospective relief in several other cases regarding the mootness of IDEA cases.  *See, e.g.*, *Patrick G. by & through Stephanie G. v. Harrison Sch. Dist. No. 2*, 40 F.4th 1186, 1212 (10th Cir. 2022) ("As a general matter, a claim seeking reimbursement for past education expenses is not moot even if the student's substantive claims are otherwise moot.") (internal quotations and citation omitted); *T.S. v. Indep. Sch. Dist. No. 54, Stroud, Okla.*, 265 F.3d 1090, 1092 (10th Cir. 2001) ("Once a student has graduated, he is no longer entitled to a FAPE; thus any claim that a FAPE was deficient becomes moot upon a valid graduation. . . .  This rule applies, of course, only where a student does not contest his graduation, and where he is seeking only prospective – rather than compensatory – relief.").

Here, plaintiff's due process complaint requests both "prospective relief" in the form of "payment for all counseling services, mental health services, therapy, other non-academic services, and education – including college – until [plaintiff] turns 21 years old" and "retrospective relief" in the form of "compensatory services" for the "academic setback [plaintiff] has experienced due to the District denying him a FAPE."  R. at OAC000020 (record filed at Docket No. 25).  The Court finds that the request for prospective relief, in the form of future services provided by the District, is moot now that plaintiff has graduated and the District is no longer obligated to provide plaintiff with a FAPE.  *See Matthews*, 2023 WL 4305824, at *1.  The Court finds that the request for compensatory relief is not moot, and that therefore this case should not be dismissed

5

for mootness. See *T.S.*, 265 F.3d at 1092. The Court will therefore grant in part and deny in part the motion to dismiss due to mootness.

In its reply, the District argues that plaintiff's claims for retrospective or compensatory relief are also moot. Docket No. 52 at 5-8. Given that the motion to dismiss is focused on prospective relief, *see* Docket No. 49 at 4-5, ¶¶ 19-27, the Court will not consider new arguments raised for the first time in a reply. *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)). Since the Court will not consider those arguments, the Court will deny plaintiff's motion to file a surreply responding to those arguments. Docket No. 53.

### B. Administrative Exhaustion

The District argues that plaintiff failed to exhaust his administrative remedies and that the Court therefore does not have subject matter jurisdiction to consider plaintiff's three substantive IDEA claims. Docket No. 44 at 7-8, ¶¶ 40-41. The District asserts that the ALJ's decision to dismiss the claim for failure to participate in a resolution meeting did not operate as an adjudication on the merits of the IDEA claims that can be reviewed by the Court. *Id.* The District also states that, because its motion references not just the pleadings, but the administrative record, the Court could convert its motion to dismiss into a motion for summary judgment. *Id.* at 7, ¶ 38.

Plaintiff essentially agrees with the District on these points. Docket No. 45 at 1-2. Plaintiff states that IDEA requires administrative exhaustion of claims, and that the statute does not contemplate a federal district court reviewing substantive IDEA claims that have not already been ruled on by an ALJ. *Id.* Plaintiff invites the Court to review, after converting the District's motion to dismiss to a motion for summary judgment, the

ALJ's decision to dismiss the due process complaint with prejudice. *Id.* at 1. Plaintiff asserts that a ruling on the ALJ's dismissal will "settle the posture" of the three substantive IDEA claims and that:

> Should the Court uphold the ALJ's decision, then it will have essentially mooted [the substantive claims]. Should the Court reverse the ALJ, then it must either conduct an initial hearing on [the substantive claims] or remand to the administrative court for a factual hearing. Either way, resolving [the administrative review claim] clarifies the posture of [the substantive claims] and resolving it first preserves the time and resources of the Parties.

*Id.* at 2.

The Court agrees that it does not have jurisdiction over plaintiff's substantive IDEA claims. A plaintiff bringing IDEA claims "may appeal from state administrative decisions to this Court, but before filing an action, they must exhaust administrative remedies." *Matthews v. Douglas Cnty. Sch. Dist. RE 1*, No. 17-cv-3163-MSK-STV, 2018 WL 4829644, at *2 (D. Colo. Oct. 4, 2018) (internal citations omitted). One of the purposes of IDEA's exhaustion requirement is to allow administrative agencies to "exercise discretion and apply their expertise" to the case at hand. *Urban ex rel. Urban v. Jefferson Cnty. Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996). The Court cannot consider an issue that was not first raised before the ALJ. *See Matthews*, 2018 WL 4829644 at *3 (dismissing substantive IDEA claims due to lack of subject matter jurisdiction in a case where a Colorado ALJ had dismissed a due process complaint due to the parents' failure to attend a resolution meeting). The Court will therefore dismiss without prejudice the three substantive IDEA claims.

The Court finds that it has jurisdiction to review the ALJ's decision to dismiss the due process complaint. *See id.* ("Accordingly, this appeal is limited to whether the ALJ properly dismissed the Parents' due-process complaint for failure to participate in the

7

resolution process."). However, the Court does not agree that summary judgment is the appropriate posture under which the Court should review the ALJ's decision. When reviewing an ALJ's decision in an IDEA case, "the district court's disposition is best termed 'a judgment on the administrative agency's record' and not a grant of summary judgment." *L.C. v. Utah State Bd. of Educ.*, 125 F. App'x 252, 255 (10th Cir. 2005) (unpublished). The Court will therefore order the parties to file appellate-style briefs to aid the Court as it reviews the administrative record and decides whether the ALJ's decision to dismiss plaintiff's case was appropriate. For guidance in drafting these briefs, the parties may find it useful to review appellate briefs that have been filed in other IDEA cases in the District of Colorado. *See, e.g.*, *Alex W. v. Poudre Sch. Dist. R-1*, No. 19-cv-01270-CMA-SKC, Docket No. 23 (D. Colo. Nov. 1, 2019); *id.*, Docket No. 26 (D. Colo. Nov. 22, 2019); *Yasiris T. ex rel. D.T. v. Cherry Creek Sch. Dist. No. 5*, No. 20-cv-00706-LTB-SKC, Docket No. 36 (D. Colo. Jan. 29, 2021); *id.*, Docket No. 41 (D. Colo. Mar. 1, 2021).

### III. CONCLUSION

It is therefore

**ORDERED** that defendant's Motion to Dismiss Due to Mootness [Docket No. 49] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that the portions of plaintiff's complaint that seek prospective relief are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's Motion for Leave to File Surreply [Docket No. 53] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 44] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that claims 1, 2, and 3 of plaintiff's amended complaint, referred to in this order as the "substantive IDEA claims," are **DISMISSED without prejudice**. It is further

**ORDERED** that, on or before **October 14, 2025**, plaintiff shall file an opening brief to aid the Court's review of the administrative record. The opening brief shall not exceed 15 pages and shall be limited to the issue of whether the administrative law judge properly dismissed plaintiff's due process complaint. It is further

**ORDERED** that, on or before **November 4, 2025**, defendant shall file a response brief. The response brief shall not exceed 15 pages and shall be limited to the same issue as the opening brief. It is further

**ORDERED** that, on or before **November 18, 2025**, plaintiff may file a reply brief. The reply brief shall not exceed 5 pages.

DATED September 12, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge