IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-02461-PAB-SBP

C.A., a minor, by and through his parents Diane and Sean Andrew,

Plaintiff,

v.

FALCON SCHOOL DISTRICT 49,

Defendant.

---

**ORDER**

---

This matter is before the Court on appeal of the order of the Administrative Law Judge ("ALJ"), which granted Falcon School District 49's motion to dismiss plaintiff's due process complaint made pursuant to the Individuals with Disabilities Education Act ("IDEA"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2)(A).

## I. BACKGROUND

On April 4, 2023, plaintiff[1] filed a due process complaint with the Colorado Department of Education under IDEA. R. at 1-20.[2] The complaint alleged that Falcon School District 49 ("the District") failed to provide plaintiff a free and appropriate public education in accordance with IDEA. *See id.* At the time the complaint was filed, plaintiff was sixteen years old and attending Falcon High School, a public high school within the

[1] The Court refers to C.A. as "plaintiff" and his mother as "complainant."

[2] The Court cites to the Administrative Record, which was submitted as a conventional exhibit, by referring to the pagination found at the bottom of each page of the Administrative Record that follows the "OAC" designation.

District. *Id.* at 4, ¶ 3. Plaintiff has diagnoses of autism spectrum disorder and attention deficit disorder. *Id*, ¶ 6.

On June 26, 2023, the ALJ dismissed plaintiff's complaint with prejudice, *id.* at 343-48, due to the failure of complainant to participate in a resolution meeting pursuant to 34 C.F.R. § 300.510(b)(4). *See id.* at 347, ¶ 28. In support, the ALJ relied on *Matthews v. Douglas Cnty. Sch. Dist. Re 1*, No. 17-cv-03163-MSK-STV, 2021 WL 516302, at *4 (D. Colo. Feb. 11, 2021), *aff'd in part, vacated in part,* 2023 WL 4305824 (10th Cir. June 28, 2023). *See id.*

On January 14, 2025, plaintiff filed an amended complaint in this case. Docket No. 40. Plaintiff's amended complaint asserts four "claims for relief." *Id.* at 31-33, ¶¶ 185-197. The first three of these are substantive claims alleging that the District did not comply with IDEA and its associated regulations. *Id.* at 31-32, ¶¶ 185-193. The fourth is a claim for "Review of Administrative Court Decision Pursuant to 20 U.S.C. § 1415(i)(a)(2)." *Id.* at 32. Regarding the fourth claim, the complaint states:

> The IDEA permits any party aggrieved by the findings of the administrative court to seek review in the federal district court. 20 U.S.C. § 1415(i)(a)(2). . . . The allegations set forth herein state multiple grounds of error in the ALJ's decision below. . . . Consolidating these allegations, the ALJ's dismissal with prejudice was unlawful under the IDEA.

*Id.* at 33, ¶¶ 195-197. On September 12, 2025, the Court dismissed those portions of plaintiff's claims that sought prospective relief, dismissed Claims 1, 2, and 3 without prejudice, and ordered the parties to file appellate-style briefs to aid the Court's review of the administrative record and decision as to whether the ALJ's decision to dismiss plaintiff's case was appropriate. *See* Docket No. 56 at 8-9.

## II. LEGAL STANDARD

Pursuant to 20 U.S.C. § 1415(i)(2)(A), a party aggrieved by certain decisions during the IDEA administrative process may "bring a civil action with respect to the complaint presented pursuant to this section." The court in which the civil action is brought shall "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). "There is some dispute among courts as to the precise role that they play in reviewing administrative determinations of this type." *Matthews*, 2021 WL 516302, at *4. However, the Court need not resolve the level of deference that shall be afforded to plaintiff because, even under *de novo* review, plaintiff fails to show by a preponderance of the evidence that the ALJ erred by dismissing plaintiff's complaint with prejudice.

## III. ANALYSIS

The mandatory resolution process under IDEA is governed by 34 C.F.R. § 300.510. Pursuant to § 300.510(a)(1), within 15 days of receiving a parent's due process complaint, the Local Education Agency ("LEA") must attempt to convene a resolution meeting. Section 300.510(a)(2) provides:

> The purpose of the meeting is for the parent of the child to discuss the due process complaint, and the facts that form the basis of the due process complaint, so that the LEA has the opportunity to resolve the dispute that is the basis for the due process complaint.

The resolution meeting does not need to be held if the parent and LEA agree in writing to waive the meeting or if the parent and LEA agree to use the mediation process described in § 300.506. 34 C.F.R. § 300.510(a)(3).[3]

Section § 300.510(b)(4) provides that a LEA may request dismissal of the parent's due process claim if the parent does not participate in the resolution meeting:

> If the LEA is unable to obtain the participation of the parent in the resolution meeting after reasonable efforts have been made (and documented using the procedures in § 300.322(d)), the LEA may, at the conclusion of the 30–day period, request that a hearing officer dismiss the parent's due process complaint.

Pursuant to § 300.322(d), the following are procedures for keeping record of the LEA's attempts to arrange a mutually agreed on time and place for the meeting:

> (1) Detailed records of telephone calls made or attempted and the results of those calls;
>
> (2) Copies of correspondence sent to the parents and any responses received; and
>
> (3) Detailed records of visits made to the parent's home or place of employment and the results of those visits.

34 C.F.R. § 300.322(d).

The ALJ made factual findings as to the resolution meeting proceedings.[4] After plaintiff filed a due process complaint, the District contacted plaintiff's counsel to schedule a resolution meeting. R. at 344, ¶ 7. Plaintiff's counsel demanded that the

[3] The ALJ found that the parties did not agree to waive the resolution meeting and did not agree to use the mediation process described in 34 C.F.R. § 300.506. R. at 344, ¶ 4. The parties do not dispute this assertion.

[4] Plaintiff does not challenge the ALJ's factual findings regarding the resolution meeting proceedings, but argues that the ALJ erroneously concluded that complainant's conduct during the resolution meeting proceedings did not constitute "participation" as contemplated by § 300.510. *See* Docket No. 57 at 7.

resolution meeting be confidential and conducted pursuant to Fed. R. Evid. 408. Docket No. 58 at 3-4, ¶ 9. On April 13, 2023, counsel for the District informed plaintiff's counsel that it did not agree Rule 408, which governs the confidentiality and admissibility of compromise offers and negotiations, applied to the resolution meeting and the District would not apply it by agreement. R. at 344, ¶ 7.

On April 24, 2023, the District convened a virtual resolution meeting with relevant member of the Individualized Education Programs ("IEP") team, which included the District's counsel and two of complainant's attorneys. *Id.*, ¶ 8. The District asked complainant to discuss the facts or concerns regarding the due process complaint and plaintiff's current IEP. *Id.*, ¶ 9. The District was seeking to understand complainant's concerns regarding the current, or any previous, IEP which had not already been remedied through a prior Corrective Action Plan ("CAP"). *Id*. Neither complainant nor counsel provided clarification in response to the District's inquiries. *Id.* at 344-45, ¶ 10. Instead, one of complainant's attorneys redirected all the District's questions to himself. *Id.* Counsel for complainant then demanded "an offer" from the District within "30 seconds." *Id.* at 345, ¶ 11. The District responded that it needed clarification regarding the specific issues with the IEP that were potentially unresolved before the District could make an offer. *Id.* When the District failed to make an offer within 30 seconds, counsel ended the meeting. *Id.*, ¶ 12. The resolution meeting lasted approximately three to four minutes. *Id.* After the resolution meeting ended, the District provided a Prior Written Notice of the process, discussion, considerations, and outcome of the April 24, 2023 resolution meeting. *Id.*, ¶ 13.

On May 1, 2023, without filing a motion with the Office of Administrative Courts or receiving agreement from the District, plaintiff filed an amended due process complaint. *Id.*, ¶ 14. Based on that filing the Colorado Department of Education established a new resolution period ending May 16, 2023. *Id.* On May 5, 2023, the District moved to dismiss plaintiff's complaint with prejudice based on complainant's failure to participate. *Id.* at 146-153.

On May 10, 2023, the District contacted complainant's counsel to schedule a second resolution meeting. *Id.* at 345, ¶ 15. Complainant's counsel wrote, "[u]nless we have a mediator or the resolution meeting is protected under 408, I see no reason to have another resolution meeting." *Id.* The District responded that it did not agree to mediation, did not agree to apply Rule 408, and did not agree to waive the resolution meeting. *Id.*, ¶ 16. The District proposed dates for the resolution meeting, with both in-person and virtual options. *Id.* Complainant's counsel wrote to the District that the resolution meeting "will be terminated within 10 seconds if [complainant and counsel] were not given an offer within 10 seconds of its beginning." *Id.*, ¶ 17.

The District held a virtual second resolution meeting with relevant members of the IEP team. *Id.*, ¶ 18. Due to a misunderstanding regarding the time of the meeting, complainant was not present. *Id.* As a result, the meeting was ended and the parties agreed to reschedule. *Id.* A District representative called complainant and offered to reschedule the meeting or hold the meeting without attorneys present pursuant to 34 C.F.R. Section 300.510.(a)(ii). *Id.* at 346, ¶ 19. The parties agreed to hold a meeting without counsel present. *Id.*

During the resolution meeting without counsel, the District asked complainant to discuss the facts and concerns in the amended complaint and plaintiff's current IEP. *Id.*, ¶ 20. Complainant refused to discuss the complaint and the amended complaint, stating that she wanted to first see a settlement offer from the District. *Id.*, ¶ 21. The District asked if she was refusing the offer to review and revise plaintiff's IEP goals. *Id.*, ¶ 22. Complainant said she was not rejecting the offer, but was refusing to discuss it until the conditions requested by her attorney were met. *Id*. The District asked if she wanted to reschedule the meeting when her attorney could attend. *Id.* Complainant said that the parties could reschedule, but another meeting would end the same as neither she nor complainant's attorney had anything else to add. *Id*. The meeting lasted approximately six minutes. *Id.* After the second resolution meeting, the District provided a Prior Written Notice of the process, discussion, considerations, and outcome of the resolution meeting. *Id.*, ¶ 23.

In response to the District's motion to the ALJ to dismiss the amened due process complaint pursuant to 24 C.F.R. § 300.510(b)(4), complainant argued that that she attended the meeting and that her position was already clearly delineated in her complaint; thus, there was no reason to reiterate that information at the resolution meetings. *Id.*, ¶ 24. Moreover, complainant argued that any discussion beyond what was contained in her complaint would require her to engage in compromise negotiations without the confidentiality protections afforded by Rule 408. *Id.*

The ALJ found that, "while Complainant attended both resolution meetings, she did not participate in either of them." *Id.*, ¶ 26. The ALJ found, "[a]s 34 C.F.R. Section 300.510[a](2) clearly states, the purpose of the resolution meeting is for the parent of a

child to discuss her complaint and the facts that form the basis of the complaint to give a school district an opportunity to resolve the dispute." *Id.* The ALJ found that "[d]emanding an offer within 30 seconds without allowing for any discussion, or failing to discuss the complaint without an offer, violates both the spirit and the letter of the resolution process set forth in 34 C.F.R. Section 300.510. There was no opportunity for discussion and no opportunity for resolution." *Id.*, ¶ 27.

Plaintiff raises the same argument he stated in response to the District's motion to dismiss, namely, that in accordance with the "ordinary meaning" of the term "participation," complainant participated in the resolution meeting by attending it and by referring the District to the complaint. Docket No. 57 at 7. Plaintiff further argues that "nothing in § 300.510 prohibits a parent from responding to questions about their complaint by referring the school district to the text of the complaint." *Id.* at 8. Plaintiff contends that the due process complaint itself was sufficient to satisfy the purpose of the resolution meetings, which is to "discuss the due process complaint, and the facts that form the basis of the due process complaint." *See id.* (emphasis and alteration omitted); 34 C.F.R. 510(a)(2).

If the due process complaint by itself was sufficient to facilitate resolution under IDEA, § 300.510 would not exist. Instead, IDEA includes § 300.510 as a mechanism for parents and the LEA to "resolve the dispute that is the basis for the due process complaint" by "discuss[ing] the due process complaint, and the facts that form the basis of the due process complaint." 34 C.F.R. § 300.510(a)(2). Thus, complainant's refusal to answer the District's questions about the complaint, asserting that the complaint itself was sufficient to answer the District's questions, does not constitute the parent

"discuss[ing]" the complaint as required by 34 C.F.R. § 300.510. This is particularly true given that the District was seeking clarification as to what problems complainant had with plaintiff's IEP that had not been remedied by the CAP. *See* R. at 344.

Complainant's "insistence on . . . unreasonable conditions" also demonstrates failure to participate. *See Matthews*, 2021 WL 516302, at *5. Complainant's counsel demanding a settlement offer within 30 seconds, and, at the second resolution meeting, within 10 seconds, before agreeing to discuss the complaint was unreasonable. Nothing in § 300.510 requires a LEA to provide a settlement offer as a prerequisite to resolution proceedings. *Cf. id.* at *5 (finding that plaintiffs failed to participate in resolution proceedings where plaintiffs demanded, as a condition of the resolution meeting, that the school district first file a response to the complaint because "[n]othing in 20 U.S.C. § 1415(b)'s articulation of complaint procedures nor 34 C.F.R. § 300.508, which governs the complaint process, dictate that an answer to the complaint must precede a resolution meeting."). The District asked several times for clarification as to the basis for the due process complaint, particularly in light of there being a prior Corrective Action Plan, and each time complainant refused to engage. After the first resolution meeting, the District agreed to meet complainant without counsel present, and when complainant again refused to engage before a settlement offer was provided, the District offered another resolution meeting. Complainant declined the offer, indicating that another meeting would have the same outcome unless her conditions were met. Despite the District's reasonable efforts to facilitate a resolution meeting, complainant refused to participate.

Complainant's condition that Rule 408 be applied to the resolution meetings before she agreed to participate lacked a legal basis and therefore constitutes refusal to participate in the resolution proceedings. Meditation proceedings under § 300.322, which the parties did not agree to in this case, are afforded confidentiality. *See* 20 U.S.C.A. § 1415(e)(2)(G) ("Discussions that occur during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding."). Resolution meetings are not confidential and are not governed by Rule 408. As held in *Davis v. D.C.*, 2006 WL 3917779, at *7 (D.D.C. Sept. 28, 2006),

> Rule 408 does not apply in this case because the resolution meeting was not a settlement negotiation. Section 1415 of IDEA states that the purpose of a resolution meeting is to resolve the complaint before the hearing; however, no provision of that statute suggests that the information disclosed during the meeting will be kept confidential. *See* 20 U.S.C. § 1415(f)(1)(B). If parents and the local educational agency agree in writing to waive this meeting, they may have a mediation process to try and resolve the complaint. *Id.* The educational agency pays for the mediation and the statute requires all discussions during the mediation to remain confidential. 20 U.S.C. § 1415(e)(2)(G).

Therefore, there is also no merit to plaintiff's argument that the ALJ erred because she "arbitrarily determined that Plaintiff's refusal to divulge strategic information was unjustified, granting Defendant a windfall both in this dispute and in IDEA disputes generally." Docket No. 57 at 10.

The ALJ properly concluded that the District was unable to obtain the participation of complainant, that the 30-day resolution period had expired, and that the District had documented those reasonable efforts to obtain participation. Therefore, the Court finds that the ALJ's dismissal of the due process complaint was proper pursuant to 34 C.F.R. § 300.510(b)(4). *See Matthews*, 2021 WL 516302, at *6 ("In such circumstances, upon *de novo* consideration, the Court agrees with the ALJ that the

District made numerous, reasonable attempts to schedule a resolution meeting, and that the Plaintiffs purposefully ignored or obstructed those efforts, thereby preventing the meeting from occurring. In such circumstances, the ALJ correctly concluded that dismissal of the complaint was appropriate.”).

Plaintiff also argues that the ALJ erred in dismissing the action with prejudice pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Docket No. 57 at 11. However, “the *Ehrenhaus* factors come into play when a district court contemplates dismissing an action with prejudice as a sanction.” *Pemberton v. Patton*, 673 F. App’x 860, 870 (10th Cir. 2016) (unpublished). There is no indication that the ALJ dismissed the complaint with prejudice as a sanction; rather, the ALJ dismissed the complaint because plaintiff failed to satisfy a statutory requirement under IDEA. To the extent the *Ehrenhaus* factors do apply, however, the Court finds that they weigh in favor of dismissal with prejudice.

The *Ehrenhaus* factors are: (1) the degree of actual prejudice to the opposing party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921.

First, the District was prejudiced by plaintiff’s refusal to participate. Contrary to defendant’s assertion, the fact that the District could have chosen to agree to plaintiff’s unreasonable conditions or agree to mediate does not mean the District was not prejudiced. Under IDEA, the District has a right to participate in a resolution meeting and to refuse mediation. *See* 34 C.F.R. § 300.510(a)(3). The fact that the District

refused to forego its statutory right is not a reason to find a lack of prejudice. Thus, plaintiff's refusal to participate in the meetings prejudiced the District's ability to resolve the claims against it in a manner that is specifically provided for under IDEA, especially given that the District believed that the issues identified in the April 2023 complaint had been appropriately addressed by the CAP.

Second, plaintiff has significantly interfered with the administrative process and has demonstrated a continued willingness to obstruct the resolution proceedings. Rather than engaging with the District, plaintiff has refused to provide an explanation for the factual basis of the complaint, demanded conditions that were unfounded in law, demanded settlement offers within seconds, ended meetings with the District only after a couple of minutes had elapsed, and indicated that additional meetings would only "go the same way." *See* R. at 346, ¶ 22. Plaintiff's argument that the District intended to "use the meeting to solicit strategic information" and only sought dismissal when that failed is speculative and could have been easily controlled by counsel.

Third, plaintiff is culpable. As discussed above, plaintiff was the party demanding unreasonable conditions and refusing to participate unless those conditions were met. It was reasonable for the District to refuse plaintiff's conditions that were unfounded in law and therefore it is not culpable. The fact that complainant refused to engage at the second meeting demonstrates that her views were not simply her attorneys' views.

Fourth, plaintiff knew that dismissal with prejudice was a possibility as the District moved for that relief. *See* R. at 343. Before the second resolution meeting took place, the District moved for dismissal with prejudice based on complainant's failure to participate in the first resolution meeting. *See* R. at 146-153. Thus, complainant and

her counsel had the opportunity to adjust their behavior accordingly before the second resolution meeting. The District represents that the ALJ also verbally warned plaintiff about the possibility of dismissal with prejudice during a prehearing conference, where the ALJ orally denied the District's motion to dismiss, but gave the District the opportunity to file an amended motion to dismiss in light of the second resolution meeting. Docket No. 58 at 6, 13, ¶¶ 19-20, 39. Plaintiff does not dispute this assertion, instead arguing that "there were no warnings from the ALJ that dismissal of the action would be a likely sanction." *See* Docket No. 59 at 5 (citing R. at 343-47).

Fifth, the Court finds that lesser sanctions would not be effective. Plaintiff argues that the ALJ could have granted dismissal without prejudice and given plaintiff another opportunity to participate in a resolution meeting. *See* Docket No. 57 at 13. Plaintiff's course of conduct demonstrated that this would not be an effective sanction. After the first resolution meeting – wherein counsel told the District to make an offer in 30 seconds and ended the call when the District refused to do so – plaintiff filed an amended complaint. *See* R. at 345, ¶¶ 12-14. As a result of the amended complaint, a new resolution period was established and plaintiff therefore had another opportunity to participate in a resolution meeting. *See id.*, ¶ 14. In scheduling the second resolution meeting, plaintiff again demanded that the meeting comply with Rule 408 and indicated that plaintiff's counsel would terminate the meeting within 10 seconds if the District did not provide a settlement offer. *See id.*, ¶¶ 15-17. During the second resolution proceeding, complainant reaffirmed her demand for a settlement offer before she would participate. *Id.* at 346, ¶¶ 21-22. Rather than taking up the District on its offer to schedule another resolution meeting, complainant declined and stated that another

meeting would have the same outcome as she and her attorney would not change their positions. *Id.*, ¶ 22.

In light of this course of conduct, the Court finds that plaintiff fails to show by a preponderance of the evidence that the ALJ erred by dismissing the complaint with prejudice.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Administrative Law Judge's Order Granting Respondent's Amended Motion to Dismiss is **AFFIRMED**. It is further

**ORDERED** that this case is closed.

DATED September 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge